NO. 07-09-00202-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 29, 2010

GREGORY ALAN RUFF, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B4202-0807; HONORABLE EDWARD LEE SELF, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Gregory Alan Ruff, was convicted by jury of sexual assault of a child.[1] The jury assessed punishment at two years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Factual and Procedural History

Appellant was charged with sexual assault of a child, H.P. On May 7, 2009, appellant filed an Application to Issue Subpoena seeking a subpoena to Paulette Manning, custodian of records at Plainview Independent School District (P.I.S.D.) for

---

[1] See TEX. PENAL CODE ANN. § 22.011(a)(2)(B) (Vernon Supp. 2009).

production of "all information P.I.S.D. may have pertaining to the grades, health, discipline, and education of [H.P.], . . . or any other educational records." That same day, a subpoena *duces tecum* issued directing Manning to appear and to bring with her all P.I.S.D. records pertaining to H.P. "including all information [P.I.S.D.] may have pertaining to the grades, health, discipline[,] and education of [H.P.], or any other education records or information."

The record does not reveal whether the State opposed disclosure or whether P.I.S.D. resisted disclosure but, presumably in response to some reluctance or disagreement concerning the production of the records, on or about May 11, 2009, appellant filed a motion requesting that the trial court conduct an *in camera* inspection of the school records. He requested that the trial court inspect the records for "[a]ny and all records and information revealing prior misconduct or bad acts attributed to [H.P.]" and "[a]ll information requested in the attached Application for Subpoena." The trial court granted appellant's motion.

P.I.S.D.'s counsel delivered the requested records to the trial court, and the trial court conducted its *in camera* inspection of the records. Following its inspection, the trial court, by letter to defense counsel, observed that the records contained, *inter alia*, "personal information," grades, "discipline referrals," and "attendance report[s]" and concluded that the records did not contain any information that the trial court believed to be "relevant to the issues" in the case. The trial court explained that it would monitor the evidence at trial and would alert the parties if any information in the records may have become relevant. The trial court ordered the P.I.S.D. records sealed.

Appellant was convicted and sentenced. He timely appealed and now contends, by one issue, that the trial court's *in camera* inspection and subsequent denial of access to the complainant's school records violated appellant's due process right to a fair trial.

Analysis

On appeal, appellant asserts that the trial court's *in camera* inspection and subsequent sealing of the records deprived him of his due process right to a fair trial.[2] He maintains that the attendance records and discipline referrals, described by the trial court in its letter ruling, would have been relevant at trial. The trial court's denial of access to the records, then, violated his due process right to a fair trial.

Preservation of Error

Appellant made no objections and did not seek further relief following the trial court's *in camera* inspection and did not urge his position in the trial court. He recognizes this potential obstacle and asserts that, if error was not preserved, the trial court's denial of access to the school records was fundamental error.

With respect to his assertion that the trial court's error was fundamental error, we note that appellant does not direct us to any authority that would support his position, and we have found none. See Mendez v. State, 138 S.W.3d 334, 341 (Tex.Crim.App. 2004) (holding that error preservation requirement does not apply to two types of

---

[2] To support his contentions on appeal, appellant relies almost exclusively on May v. State, 139 S.W.3d 93, 101 (Tex.App.—Texarkana 2004, pet. ref'd). He interprets May as recognizing the importance of not only direct evidence and impeachment evidence but also evidence that may lead to the discovery of such evidence. See id. at 101–02. Due to our disposition of his issue, we need not address the substance of his contentions or his reading of May.

complaints: rights which are waivable only and absolute systemic requirements). Though there is very little authority directly addressing a defendant's right to discovery in this situation, see May, 139 S.W.3d at 101–02, it has been established that a criminal defendant does not have a general right to discovery of evidence in the possession of the State. Michaelwicz v. State, 186 S.W.3d 601, 612 (Tex.App.—Austin 2006, pet. ref'd). And appellant concedes that the issue at bar does not invoke an analysis for constitutional error under Brady v. Maryland because the material sought to be discovered was not in the possession of the State. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963). We find no authority that would support the conclusion that the error of which appellant complains falls into either of the two categories of errors considered fundamental; the right to access these records is not an absolute systemic right or a waivable-only right that was not waived. See Mendez, 138 S.W.3d at 341. We, therefore, must review the record to determine whether the error alleged was preserved for our review.

In his motion requesting the trial court's *in camera* inspection of the records, appellant requested the trial court disclose "records and information revealing prior misconduct or bad acts attributed to [H.P.]" and "[a]ll information requested in the attached Application for Subpoena." His Application for Subpoena sought discovery of "all information P.I.S.D. may have pertaining to the grades, health, discipline, and education of [H.P.], . . . or any other educational records." So, in his motion, he did not specifically request that the trial court inspect the record for "evidence . . . that may lead to the discovery of direct evidence and impeachment evidence," the evidence on which he now bases his appeal. Further, when the trial court issued its letter ruling, appellant

4

was made aware of the scope of the trial court's inspection and its conclusion regarding the contents of the records. Appellant did not object to the trial court's ruling or seek further relief at that point. Appellant again failed to object or seek further relief when the trial court ordered the records sealed.

Appellant sought an *in camera* inspection, and his motion was granted. The trial court inspected the records as requested, made its ruling to which appellant did not object, and sealed the records to which order appellant did not object. Simply put, appellant got the very relief requested and sought no further relief. He cannot, now, complain on appeal of the trial court's *in camera* inspection, which he sought, and its ruling on the relevance of the records inspected to which he did not object. He has not preserved his issue for our review. <u>See</u> TEX. R. APP. P. 33.1(a)(1)(A). Accordingly, we overrule it.

## Conclusion

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment of conviction.

Mackey K. Hancock
Justice

Do not publish.

5